Lloyd v. Territory of Hawaii, 19 Haw. 491.

## JAMES W. LLOYD v. TERRITORY OF HAWAII.

### ORIGINAL.

ARGUED JUNE 9, 1909.                              DECIDED JUNE 19, 1909.

### HARTWELL, C. J., WILDER AND PERRY, JJ.

PLEADING—*action against Territory.*

In an action against the Territory on a contract made by certain officers of the house of representatives the petition should show that they had authority to make the same.

### OPINION OF THE COURT BY WILDER, J.

This is an action against the Territory for $279.90, the main allegations of plaintiff's petition being that at the regular session of the legislature this year he was elected by the house of representatives as its official stenographer; that from February 17, when it organized, until April 9, when he resigned, he performed the duties of such position for which he was allowed and paid $10 a day; that on February 20 it was agreed between the plaintiff and the speaker of the house, the chairman of its committee on accounts and the chairman of its committee on printing that he should receive in addition to his salary a specified amount for all typewriting done by him; that during the time in question, at the request and under the direction of the speaker, he prepared in typewriting the minutes of the house, compiling the same from his stenographic notes, and made copies thereof; all of which were accepted and used by the house and its officers and committees; that under Rule 15 of the house the duties of the stenographer are prescribed, which include transcribing such portions of the proceedings as may be requested by any member; that he performed the duties as official stenographer as prescribed by the rule in question; that the chairman of the committee on accounts declared that he would be paid for all typewriting

of minutes; that at former sessions it has been the custom of the house to pay the official stenographer for typewriting the minutes and making copies thereof; and that the claim was disallowed by the committee on accounts and by the house. The defendant demurred to the petition on the grounds that no cause of action was stated and that consequently this court has no jurisdiction.

Plaintiff's claim is substantially for extra work done by him which he argues was in addition to and outside of the duties of the stenographer as prescribed by Rule 15 of the house which reads as follows: "It shall be the duty of the stenographer to record in full in shorthand all proceedings of the house, rulings of the chair, and debates, and he shall transcribe such portions thereof that he may from time to time be requested by any member."

It is argued on behalf of defendant that the services in question rendered by plaintiff were under the rule quoted a part of his duties for which he was paid and allowed $10 a day, but if not then that the petition does not disclose that the agreement for extra compensation made by the speaker and the chairmen of the two committees was one which they were authorized to make, citing R. L. Sec. 2000, necessitating the sustaining of the demurrer. That part of the section which is material reads as follows: "The supreme court shall have exclusive jurisdiction to hear and determine the following matters, and shall determine all questions of fact involved without the intervention of a jury. First. All claims against the Territory founded ˙* * * upon any contract, express or implied, with the Territory * * * provided, however, that no suit shall be maintained, nor shall any process issue against the Territory, based on any contract or any act of any territorial officer which such officer is not authorized to make or do by the laws of this Territory."

The agreement by the three officers of the house that plain-

Lloyd v. Territory of Hawaii, 19 Haw. 491.

tiff should be paid for all typewriting done by him must have reference to extra work in addition to the prescribed duties of the stenographer, as it could not be contended on any theory that plaintiff may recover for doing that which it was his duty to do and for which he was paid. The petition does not disclose what, if any, authority the three officers had to make the agreement in question, and consequently it is defective. Such authority must appear from the allegations of the petition. We do not know and it cannot be learned from the petition what the powers of these officers were. As such, the speaker and the chairmen of the committees on accounts and printing have no more power to bind the Territory to such an agreement than any other three members. Although the petition alleges that the typewritten copies of the minutes made by plaintiff were accepted and used by the house, this did not constitute a ratification or an adoption of an agreement which is not shown the officers had power to enter into, as it does not appear that the members of the house had any knowledge of the agreement, and even if they had such knowledge they might have thought that the duties of the stenographer included the work in question. The fact that at former sessions it has been the custom to pay the stenographer extra for such services is immaterial.

It is not clear from the petition whether the services rendered constituted extra work. It is alleged that plaintiff prepared in typewriting the minutes of the house, compiling the same from his stenographic notes, and made copies thereof. It was the duty of the stenographer to transcribe such portions of his shorthand notes as requested whether such request was by the speaker or any other member. If he was required to do something in addition to transcribing shorthand into longhand, that was not a part of his duty, and the house might properly have authorized payment for such services. On the other hand, if all that was done was transcribing shorthand

into longhand, that was a part of the stenographer's duty for which he was paid. It should be stated more definitely in case an amended petition is filed.

The demurrer is sustained, and plaintiff may amend, if so advised, within five days.

*R. P. Quarles* for plaintiff.

*C. R. Hemenway*, attorney general, for defendant.